IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES COPPEDGE, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 23-2291 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this **6th** day of **July 2023**, it is **ORDERED** that:

1. The Clerk of Court shall **STRIKE** Plaintiff James Coppedge's Complaint (ECF 1) because it does not comply with Rule 8 of the Federal Rules of Civil Procedure;[1]

2. Coppedge shall file an Amended Complaint on or before **Friday, July 28, 2022**. If he does not do so, his case may be dismissed without prejudice for failure to prosecute; and

3. Because there is no operative pleading until Coppedge files an Amended Complaint, his Motion which seeks to contest "Double Book Entries with threat of Water Shut Offs" because of an alleged "former payment through US Treasury" (ECF 3) is **DENIED** without prejudice.

BY THE COURT:

_____
**Berle M. Schiller, J.**

---

[1] *Pro se* litigants like Coppedge "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). This Court "and other federal courts are funded by the taxpayers of this country to adjudicate genuine disputes, not to function as playgrounds for would-be lawyers . . . ." *Scotto v. Credit Suisse*, No. 22-1176, 2022 WL 1320391, at *3 (E.D. Pa. May 3, 2022) (citation and internal quotation omitted). Nevertheless, Coppedge has a history of noncompliance with the Federal Rules of Civil Procedure. *See, e.g., Coppedge v. US Bank Nat'l Ass'n*, No. 12-00051, 2014 WL 3828384, at *4 (D. Del. July 30, 2014) (finding, *inter alia*, that Coppedge "had not properly served the Defendant," under Rule 4(m) and that he "did not make an effort to remedy the error"); *Coppedge v. Deutsche Bank Nat. Tr. Co.*, No. 12-3268, 2013 WL 1827584, at *3 (E.D. Pa. May 1, 2013) (denying leave to amend because Coppedge's "pleadings d[id] not include any allegations suggesting that Coppedge could conceivably establish subject matter

jurisdiction or a claim upon which relief could be granted"); *Coppedge v. Litzkow,* No. 09-787 (GMS), 2010 WL 11711837, at *3 (D. Del. June 17, 2010) ("Given his dismissive attitude towards court rules and orders in the past, the court finds it unlikely that further warnings will deter him in the future.").

The Court strikes Coppedge's 48-page Complaint (ECF 1) because it does not contain "a short and plain statement of the claim" showing he is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 8 also requires that each averment be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, Rules 8(a)(2) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996). "While a court should liberally construe the pleadings of a *pro se* plaintiff, the complaint must still comply with the pleading requirements of Rule 8." *Prelle v. United States ex rel. Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (citing *Mala,* 704 F.3d at 245). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it does not satisfy Rule 8." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019).

Coppedge's Complaint seeks $5 million in damages "FOR LAW BREAKING NOT TO MENTION Postal Violations and Mail Fraud . . . ." (ECF 1 at ECF p. 4.) It attaches correspondence apparently sent to the City of Philadelphia's "Water Revenue Bureau" purporting to claim his debts "have been paid and settled in full by the United States Treasury" as his "fiduciary . . . ." (*Id.* at ECF p. 16.) He cites "HJR-192 Public Law 73-10 (48) STAT. 112-113, 15 USC Sect. 1692e in consideration of the U.S. Constitution Art. 1, Sec. 10" as the basis for the Court's jurisdiction. (*Id.* at ECF p. 1.) The Third Circuit has characterized the claims it appears he seeks to raise as "being brought pursuant to the 'Redemptionist' theory." *Coppedge v. PNC Bank*, No. 18-2123, 2018 WL 10811876, at *1 (E.D. Pa. Nov. 21, 2018) (citing *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008)). Such claims are "equal parts revisionist legal history and conspiracy theory." *Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 759 & n.9 (W.D. Va. 2007); *see also McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 214 (D. Conn. 2010) (collecting cases that "universally and emphatically" reject claims under the Redemptionist theory). In essence, Coppedge appears to present "nothing more than an indefensible tactic used by debtors attempting to avoid repayment of their debts," a tactic he has attempted to deploy before without success. *Coppedge v. PNC Bank*, 2018 WL 10811876, at *1.

While Coppedge may amend his Complaint to comply with this Order, the Court will not grant further leave to amend if he persists in filing pleadings that seek relief under the Redemptionist theory. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend should be granted *sua sponte* unless amendment would be "inequitable or futile"). Moreover, if Coppedge fails to comply with this Order, this Court, may exercise its inherent power to place reasonable restrictions on his future ability to file. The All Writs Act, 28 U.S.C. § 1651(a), allows a district court to enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). Filings that are not responsive to Court directives may be construed as an abuse of the judicial process and may result in the imposition of a filing injunction or other appropriate restrictions on Coppedge's access to filing. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (holding that federal courts have the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process").