## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES COPPEDGE,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | **NO. 23-2291** |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

**AND NOW**, this **19th** day of **July 2023**, it is **ORDERED** that Plaintiff James Coppedge's

Motion for Continuance seeking an additional thirty days to comply with the Court's Order (ECF 7)

requiring him to file an Amended Complaint on or before **Friday, July 28, 2022** is **DENIED**.[1]

BY THE COURT:

_____
**Berle M. Schiller, J.**

---

[1]     Coppedge's motion provides no basis for the extension he seeks beyond his status as a self-represented litigant. That alone does not absolve him of his obligation to comply with Court-ordered deadlines. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (holding self-represented litigants "must abide by the same rules that apply to all other litigants"). Notably, since the Court entered the Order at ECF 7, Coppedge has had adequate time to prepare and file a complaint in a separate lawsuit before the Court—*Coppedge v. City of Philadelphia* (Civ. A. No. 23-2580)—also raising baseless claims under the Redemptionist theory.

The Court has discretion to set deadlines that are appropriate "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Absent demonstrated good cause for an extension, Coppedge shall comply with the Court's existing deadline for filing his Amended Complaint, if any.